UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | Case No. 09 C 354 |
| v. | ) ) | Honorable Judge Amy J. St. Eve |
| BELMONT STATE CORPORATION, JAN GAD, MARK GIZYNSKI, KIRK FORBES AND PETER WALA | ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO ENFORCE JUDGMENT BY IMPOSITION OF
CONSTRUCTIVE TRUST ON FUNDS PAID TO MJG
ENTERPRISES CORPORATION AND FOR OTHER RELIEF**

NOW COMES West Bend Mutual Insurance Company ("West Bend") by its attorneys William S. Piper and Stephanie M. Keddy and hereby moves the court to enforce the judgment by imposing a constructive trust on funds paid to MJG Enterprises Corp. ("MJG") from Belmont State Corporation. In support hereof, Plaintiff states as follows:

1. Belmont State Corporation ("Belmont") and Mark Gizynski ("Gizynski") were defendants in a complaint filed by West Bend in this matter on January 20, 2009 and amended on May 29, 2009. Defendant Belmont was served on July 13, 2009 and failed to appear. Defendant Mark Gizynski was served on July13, 2009 and failed to appear. Default Judgment was entered against Belmont, Gizynski and Wala on the amended complaint on September 17, 2009 in the amount of $2,150,333.60. Belmont State and Gizynski are now judgment debtors in the instant action. No portion of the judgment has been satisfied.

2. Judgment herein arose by reason of West Bend issuing bonds to Belmont for several public projects and the failure of Belmont to pay its subcontractors and suppliers. The subcontractors and suppliers made claim on West Bend's bonds, which West Bend paid. The judgment includes treble damages under RICO, 18 U.S.C., Sec. 1964(c).

3. Gizynski was served with a citation to discover assets on October 28, 2009. Belmont was served with a citation to discover assets on October 28, 2009 by leaving a copy with Mark Gizynski. Gizynski has submitted to a deposition. Exhibit A - Excerpts of Deposition of Gizynski

4. MJG Enterprises Corporation was served with a citation to discover assets on October 28, 2009. Mark Pastucha, its owner and president, appeared on behalf of MJG for a citation deposition. Exhibit B - Excerpts of Deposition of Mark Pastucha on behalf of MJG.

5. The documents and testimony in response to the various citations reveal that Mark Gizynski, acting in the capacity of a fiduciary for Belmont, signed checks drawn on Belmont's account at U.S. Bank, payable to MJG Enterprises Corporation and caused the checks to be deposited into bank accounts of MJG Enterprises Corporation, in breach of his fiduciary duty to Belmont. The facts further show that Gizynski was employed by MJG and was authorized as a signatory on MJG bank accounts. MJG claims no right to receive the funds from Belmont. West Bend therefore claims MJG is obligated to return the funds to Belmont for the benefit of West Bend as a judgment creditor. The facts are more specifically alleged hereafter.

6. Gizynski claims to have sold Belmont to Jan Gad and that, at the time of the transaction herein, he was neither the owner nor an officer of Belmont. Ex.A, Gizynski Dep. p. 16-18, 23.

7. Belmont maintained its bank account at U.S. Bank. Gizynski was the sole signatory on the Belmont account At US Bank. Ex. A, Gizynski Dep. p.23, 72.

8. The purpose of the U.S. Bank account was to pay Belmont creditors for corporate debt. Ex. A, Gizynski Dep. p. 24.

9. Gizynski was not authorized to use Belmont funds in the account for personal debt. Ex. A, Gizynski Dep. p. 25.

10. Gizynski also claims t MJG Enterprises Corporation is owned by Mark Pastucha and he was not an owner of MJG Enterprises Corporation. Ex. A, Gizynski Dep. p.14, 55. 109. Pastucha's testimony confirms this fact that he bought MJG from Gizynski. Exhibit B, Pastucha Dep. P. 9-11

11. MJG Enterprises Corporation knowingly permitted Gizynski to control its bank accounts. Exhibit A, Gizynski Dep p. 36-40; Exhibit B. Pastucha Dep. P.26-27.

12. Gizynski testified that he signed the following checks and drawn on abank account at US bank owned by Belmont State, and paid the following funds to MJG Enterprises Corporation into an MJG account at Plaza bank.

| Payee | Amount | Date | Check # |
|---|---|---|---|
| MJG Enterprises | $3,500.00 | 9/6/08 | 7045 |
| MJG Enterprises | $3,450.00 | 9/23/08 | 7132 |
| MJG Enterprises | $4,700.00 | 9/30/08 | 7172 |
| MJG Enterprises | $9,775.00 | 10/10/08 | 7220 |
| MJG Enterprises | $9,725.00 | 10/11/08 | 7221 |
| MJG Enterprises | $27,350.00 | 10/14/08 | 7228 |
| **Total** | **$58,500.00** | | |

Ex.AGizynski Dep. P. 39-40,106-110, Dep. Ex. 25

13. The Belmont funds paid to MJG Enterprises Corporation through the actions of Gizynski were done so in breach of Gizynski's fiduciary responsibilities to Belmont. The conflicting testimony of Gizynski regarding the circumstances he issued and signed checks payable to MJG and gave cash to Belmont putative owner, Jan Gad, is not credible and false. See. Ex A Gizynski Dep., p. 106-110. West Bend incorporates by reference its Motion for Rule to Show Cause against Mark Gizynski previously filed and now pending with this Court.

14. MJG has no right, title or claim to the funds paid to it from Belmont. Pastucha has testified that MJG was not a subcontractor of Belmont and was not entitled to any payment from Belmont in 2008. Ex B, Pastucha Dep. P.24.

15. Notwithstanding Pastucha's lack of knowledge of receipt of funds from Belmont, the record reflects 6 checks being deposited into an MJG account at Plaza Bank. West Bend claims a return of these funds under alternative theories. West Bend claims that under a theory of "Money had and received", MJG received funds belonging to Belmont which in equity and good conscience ought to be returned to Belmont for the benefit of West Bend as judgment creditor. In the alternative, MJG has acted in bad faith as it knew or should have known by placing Gizynski in control of its accounts that it was not entitled to receive the funds from Belmont State and constructively participated in the fraudulent activity of Mark Gizynski. 760 ILCS 65/5. As such, a constructive trust exists on the funds it received from Belmont and MJG is obligated to return said funds.

WHEREFORE, West Bend Mutual Insurance Company prays that a constructive trust be imposed upon the assets of MJG Enterprises Corporation in the amount of $58, 500.00 and that the said respondent be ordered to pay said funds to West Bend in partial satisfaction of the judgment against Belmont State Corporation or in the alternative that a judgment be entered against MJG Enterprises Corporation for said funds.

        WEST BEND MUTUAL
        INSURANCE COMPANY

        By: _/S/ William S. Piper_____

William S. Piper - ARDC #3122440
Stephanie M. Keddy – ARDC #6274734
Riordan McKee & Piper, LLC
20 North Wacker Drive, Suite 910
Chicago, IL 60606
P: 312-663-9400
F: 312-663-1028