UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, <br>           Plaintiff, <br><br>       v. <br><br> BELMONT STATE CORPORATION, JAN GAD, MARK GIZYNSKI, KIRK FORBES AND PETER WALA <br>           Defendants. | Case No. 09 C 354 <br><br> Honorable Judge Amy J. St. Eve |

**WEST BEND MUTUAL INSURANCE COMPANY'S**
**1) MOTION FOR RULE TO SHOW CAUSE AGAINST MARK GIZYNSKI**
**AND 2) FOR JUDGMENT AND TURNOVER ORDER AGAINST BANCO POPULAR**

NOW COMES West Bend Mutual Insurance Company ("West Bend"), by and through its attorneys, William S. Piper and Stephanie M. Keddy, and moveS the Court for 1)the entry of an Order against Mark Gizynski ("Gizynski") to show cause why he should not be in contempt of Court for the transfer of assets during a citation proceeding in violation of 735 ILCS 5/2-1402 (f)(1); and 2)for a Judgment and Turnover Order upon Banco Popular North America ("Banco Popular") to turnover $47,720.00 in assets of Mark Gizynski it received during the pending citation proceeding and applied to Gizynski's mortgage loan in violation of 735 ILCS 5/2-1402 (f)(1). In support hereof, West Bend states as follows:

1. West Bend obtained a judgment in the amount of $2,150,333.60 against Mark Gizynski and others on September 17, 2009.

2. On October 22, 2009, West Bend commenced a citation to discover assets against Mark Gizynski and served Mark Gizynski on October 28, 2009. Said citation have been continued to August 19, 2010, remains pending and has not been discharged.

3. On October 22, 2009, West Bend commenced a citation to discover assets against Banco Popular and served Banco Popular on October 29, 2009. Said citation have been continued to August 19, 2010 along with a discovery extension to September 1, 2010, remains pending and has not been discharged.

4. Examinations have been conducted of Mark Gizynski and Banco Popular, and additional discovery proceedings involving Banco Popular and the assets of Belmont State are under way pursuant to order of the Court entered on July 29, 2010. This motion does not pertain to said issues and the claim that Banco Popular improperly applied Belmont State funds to the personal loan of Mark Gizynski thru a series of checks signed by Gizynski on behalf of Belmont State, payable to Banco Popular. Instead, this motion pertains to the transfer of Mark Gizynski's personal assets to the bank during the pendency of these Citation proceedings, a fact recently discovered.

5. The service of a citation to discover assets creates a lien on the personal assets of the judgment debtor. 735 ILCS 5/2-1402(m); <u>Bloink v Olson</u>, 265 Ill. App. 3d 711, 715, 638 N.E.2d 406, 410 (1994); <u>F.M. Industries, Inc. v. Citicorp Credit Services</u>, 656 F. Supp. 2d 795, 798 (2009).

6. The court has the power to enforce the prohibition against transfer either through civil contempt or the imposition of a judgment.

> ...
> The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

735 ILCS 5/2-1402 (f)(1); City of Chicago v. Air Auto Leasing Co. 297 Ill. App.3d 873, 697 N.E.2d 788 (1998) (Judgment creditor entitled to rely upon prohibitive provision of citation)

7. Under the terms of each citation, the Gizynski and Banco Popular were prohibited from transferring or disposing of assets, including assets that have come into their possession during the pendency of the citation.

> **YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

See, Citations, Court Docket entry 28 and 29.

8. On January 7, 2010, Mark Gizynski testified that he understood he was prohibited from transferring any assets. (Exhibit A, Gizynski deposition p.65, lines 19-22)

9. On July 27, 2010, a deposition citation was conducted upon William D. Bolsen, a vice president in the commercial real estate division of Banco Popular in charge of the Mark Gizynski loan portfolio with Banco Popular. (Exhibit B, Bolsen deposition p.1-5)

10. Mr. Bolsen testified that Mark Gizynski, while not current on his mortgage loan with the bank, has made payments in 2010. At the time of his deposition, he could not testify as to any amount or whether the payments were by check or cash. A request was made to supplement. (Exhibit B, Bolsen deposition p.28-30)

11. Pursuant to West Bend's request during the deposition of Mr. Bolsen, and subsequent request to update responses to discovery, Banco Popular produced the attached documentation

evidencing that Mark Gizynski made the following cash payments to Banco Popular, which were applied by Banco Popular to Mark Gizynski's mortgage loan. Exhibit C.

| | |
|---|---|
| 1/11/10 | $7220.00 |
| 2/1/10 | $8700.00 |
| 3/2/10 | $8600.00 |
| 5/3/10 | $7500.00 |
| 6/2/10 | $8500.00 |
| 7/5/10 | $7700.00 |

Total cash transferred by Gizynski during citation against him: $47,720.00.

    12. While the documentation produced by Banco Popular evidences that Banco Popular holds a mortgage security interest on certain real estate, and has an assignment of rents, Mr. Bolsen testified that Banco Popular has not exercised its rights under the assignment. (Exhibit B, Bolsen deposition p.32). Upon information and belief, Banco Popular has no security interest in the cash it received, has not recorded a Uniform Commercial Code (UCC 1) financing statement, and therefore, has no security interest in any cash or other personal assets and property of Mark Gizynski it received since the commencement of the citation. It's sole perfected security interest is in its mortgage and assignment of rents, neither one of which has been enforced.

    13. Banco Popular took the cash payments from Mark Gizynski during the pendency of both the Mark Gizynski citation and the Banco Popular citation and therefore took the cash payments subject to West Bend's citation lien upon the personal assets and cash of Mark Gizynski as created by the citation to discover assets. 735 ILCS 5/2-1402 (m); <u>Laborers Pension Fund v. KMC Masonry LLC</u> ___ F Supp. 2d ___, 2010 WL 1780331 (ND Ill. 5/4/2010) (citing 735 ILCS 5/2-1402 (f)(1) - the citation lien extends to property "which may thereafter be

acquired.") <u>TM Ryan v 5350 South Shore LLC</u>, 361 Ill. App. 3d 352, 836 N.E.2d 803 (2005)(Citation lien found to be superior to unperfected attorney lien))

14. The transfer of assets by Mark Gizynski during the pendency of the citation to discover assets violates the prohibition on transfer of assets as contained in the citation and pursuant to 735 ILCS 5/1402(f)(1). Such a transfer can subject Mr. Gizynski to a finding of civil or criminal contempt if the court finds that the transfer just days after he testified he knew he was prohibited from transferring assets, was deliberate. <u>Bank of Aspen v Fox Cartage</u> 126 Ill. 2d 307 (1989); <u>In re Weitzman</u> 381 B.R. 874 (Bkrtcy, N.D. Ill., 2008). Before a finding of contempt is issued, it is appropriate for the Court to issue a rule upon Mr. Gizynski to show cause why he should not be held in contempt for violating the prohibition in the citation.

15. Since the inception of the citation to discover assets against Banco Popular, Banco Popular admits collecting $47,720.00 in cash payments from Mark Gizynski. The cash used by Mark Gizynski to pay his mortgage was subject to West Bend lien and the bank had knowldge of the citation lien.

16. A citation to discover assets not only creates a lien upon any assets in the hands of the judgement debtor at the time the citation is served, 735 ILCS 5/2-1402 (m)(1) but a lien upon all assets that may come into the possession of the third party respondent during the pendency of the citation and before the citation is discharged. 735 ILCS 5/2-1402 (m)(2)

18. Citations served upon Mark Gizynski and Banco Popular give West Bend a priority security interest in the cash Banco Popular received during the pendency of the citation. See, <u>TM Ryan v 5350 South Shore LLC</u>, supra.

19. Pursuant to 735 ILCS 5/2-1402(f)(1), West Bend is entitled to a judgment against Banco Popular for the value of the property transferred to Banco Popular in the amount of $47,720.00 and is entitled to an order upon Banco Popular to turnover said amount to West Bend to be applied to the judgment West Bend obtained against Mark Gizynski.

20. In light of Gizynski's apparent deliberate violation of 735 ILCS 5/2-1402(f)(1), West Bend is entitled to an injunction upon Mark Gizynski

> from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor not exempt from the enforcement of a judgment, a deduction order or garnishment, or the property or debt not so exempt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.

There are citation proceedings still pending and the injunction should remain in effect during all citation proceedings until all are terminated.

21. Prior to purging himself of any contempt the court may find, Gizynski should be ordered to account for all cash he has received or has possessed since the commencement of his citation, or which he currently possesses and be ordered to turnover said funds.

Wherefore, West Bend prays

1) for an order upon Mark Gizynski to show cause why he should not be held in contempt of court for the transfer of assets during a citation proceeding in violation of 735 ILCS 5/2-1402 (f)(1);

2) For an injunction against Mark Gizynski enjoining him from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor not exempt from the enforcement of a judgment, a deduction order or garnishment, or the

property or debt not so exempt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until all citation proceedings are terminated, whichever first occurs;

3) That Gizynski be order to account for all cash he has received or has possessed since the commencement of his citation, or which he currently possesses and be ordered to turnover said funds to West Bend;

4) For an order upon Banco Popular North America to specifically answer this motion;

5) For judgment against Banco Poplar North America in the amount of $47,720.00 and an order to turnover said funds to West Bend to be applied to the judgment against Mark Gizynski;

6) For such further proceedings and equitable relief as the court deems just and equitable.

WEST BEND MUTUAL INSURANCE COMPANY,

By: ___/S/ William S. Piper___

One of its Attorneys

William S. Piper - ARDC #3122440
Stephanie M. Keddy – ARDC #6274734
Riordan McKee & Piper, LLC
20 North Wacker Drive, Suite 910
Chicago, IL 60606
P: 312-663-9400
F: 312-663-1028